UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SERGEI DENKO,

                Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                         21-CV-06422 (RPK)

       -against-

RICHARD S. KESTENBAUM; SCOTT L.
KESTENBAUM; KESTENBAUM & MARK
LLP; BERNARD S. MARK; JILL S. MONOSON;
and PAULA SCHWARTZ FROME,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Pro se plaintiff Sergei Denko, who is incarcerated at the Metropolitan Detention Center, filed this lawsuit against several lawyers.[*] He argues that the lawyers breached a contract with him and received unjust enrichment as a result of providing ineffective assistance to him in a criminal case. Mr. Denko seeks money damages. For the reasons discussed below, the complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

## Background

      Plaintiff pleaded guilty in this district to willfully failing to collect and pay over-employment taxes. He was sentenced to twenty months of imprisonment, to be followed by one year of supervised release. *See USA v. Denko*, No. 20-CR-15 (RPK) (Dkt. # 19). In that case, plaintiff was represented by the law firm of Kestenbaum & Mark, LLP. The individual defendants appear to be attorneys at that firm. Compl. 9.

---

[*] Although Laura Denko is named as a purported plaintiff in the caption of the complaint, only Mr. Denko signed the complaint. Accordingly, only Mr. Denko is a proper plaintiff. *See* Fed. R. Civ. P. 11(a).

1

Plaintiff now brings a civil lawsuit asserting that because the defendants provided ineffective assistance of counsel in his criminal case, they breached their contract with him and were unjustly enriched. *Id*. 8. He invokes federal-question jurisdiction. *Id.* 1-2. Plaintiff seeks monetary damages. *Id.* 15.

## Standard of Review

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). To avoid dismissal for lack of subject-matter jurisdiction, a plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

The complaint of a pro se plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted).

## Discussion

Even construed liberally, the complaint does not set out a basis for federal jurisdiction. Plaintiff suggests that jurisdiction exists because defendants violated his Fifth and Sixth Amendment rights. Compl. 2. A civil action may be brought in federal court against state actors for constitutional violations. *See* 42 U.S.C. § 1983; *see also Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). But such claims are available only against those who act under color of law. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (observing that federal courts typically incorporate § 1983 law into Bivens actions and that "[b]oth Bivens and section 1983 actions are

2

designed to provide redress for constitutional violations"). And a private attorney does not act under color of law when defending a client in a criminal proceeding. *See Fine v. New York City,* 529 F.2d 70, 74 (2d Cir. 1975) (holding that a "cause of action . . . against [a private] lawyer, whether sounding in professional malpractice, tort, or otherwise, is one of state law insufficient to vest a federal court with jurisdiction over the subject matter"). Accordingly, plaintiff may not assert a Section 1983 or *Bivens* claim against his private attorneys.

Plaintiff has not identified any other basis for federal jurisdiction. Claims of legal malpractice and breach of contract are state-law claims, and plaintiff has not alleged that diversity jurisdiction exists. *See, e.g., Jones v. Renfroe,* No. 18-CV-7268, 2019 WL 1025241, at *2 (E.D.N.Y. Mar. 4, 2019) (holding that federal courts do not have federal-question jurisdiction over legal malpractice claims); *Adames v. Taju,* 80 F. Supp. 3d 465, 468 (E.D.N.Y. 2015) (holding that federal courts do not have federal-question jurisdiction over state contract claims). Accordingly, plaintiff has not adequately pleaded federal jurisdiction.

## Conclusion

Plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction. The Clerk of Court is respectfully directed to correct the caption on the docket to reflect the correct spelling of the defendants' names as noted in the caption on this order and to remove Ms. Denko as a plaintiff. The Clerk is further directed to enter judgment and close the case.

Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: February 7, 2022
      Brooklyn, New York